**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000749
26-SEP-2012
08:16 AM**

NO. CAAP-11-0000749

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
TODD EUGENE HART, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-CR. NO. 11-1-029K)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

Defendant-Appellant Todd Eugene Hart (Hart) appeals from the September 14, 2011 Judgment (judgment) of the Family Court of the Third Circuit[1] (family court). Hart was convicted of violating the Family Court Order for Protection (Order) entered August 2, 2010.

On February 9, 2011, Plaintiff-Appellee State of Hawai'i (State) filed a complaint charging Hart with "knowingly or intentionally" violating the Order, thereby, violating Hawaii Revised Statutes (HRS) § 586-11 (2006). At the conclusion of a bench trial, the family court found Hart guilty.

On September 14, 2011, the family court entered the

---

[1] The Honorable Joseph P. Florendo, Jr. presided.

judgment against Hart and sentenced him to imprisonment for a term of 48 hours, probation for a term of 2 years, and a fine including fees. On October 13, 2011, Hart filed a notice of appeal.

On appeal, Hart contends the family court erred in denying his motion for acquittal and finding him guilty of violating an order for protection because the State did not adduce substantial evidence to establish he knowingly or intentionally or violated the order. In the alternative, Hart contends the family court erred in denying his oral motion to dismiss based on de minimus.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Hart's appeal is without merit.

Hart was present with an attorney when the Order was issued by the family court. Hart signed the Order acknowledging he received a copy. The Order, contains, in part, the following language:

> B. Contact between the Parties
> [Hart] and/or Petitioner **shall not personally contact the other party** and shall not visit or remain within 100 yards of the residence or place of employment of the other party.
>
> [Hart] and/or Petitioner **shall not telephone the other party**. Notwithstanding the foregoing order, Respondent/Petitioner may have limited contact with Petitioner/Respondent with counsel present or in joint therapy with another adult present.
> The order specified that custody was joint and that visitation was as agreed between the parties.

(Emphasis added.)

The undisputed evidence is that Hart spoke with the Petitioner on the telephone and that Hart initiated this contact. The contact was not "with counsel present, or in joint therapy with another adult present" as is stipulated in the Order. The

family court did not err in denying Hart's motion for judgment of acquittal:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.
>
> State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)). "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Richie, 88 Hawai'i at 33, 960 P.2d at 1241 (internal quotation marks and citation omitted).
>
> > The standard to be applied by the trial court in ruling upon a motion for a judgment of acquittal is whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. An appellate court employs the same standard of review.
>
> State v. Keawe, 107 Hawai'i 1, 4, 108 P.3d 304, 307 (2005) (brackets omitted) (quoting State v. Pone, 78 Hawai'i 262, 265, 892 P.2d 455, 458 (1995)).

State v. Bayly, 118 Hawai'i 1, 6, 185 P.3d 186, 191 (2008).

Hart's contention the family court erred in denying his motion to dismiss based on de minimus is equally without merit:

> The dismissal of a prosecution for a de minimis infraction is not a defense. The authority to dismiss a prosecution as de minimis rests in the sound discretion of the trial court. A court abuses its discretion if it clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Rapozo, 123 Hawai'i 329, 336, 235 P.3d 325, 332 (2010) (internal quotation marks, citations, brackets, and ellipsis omitted).

The family court's conclusion that a knowing and intentional violation of a protective order was not de minimus was not a abuse of discretion.

Therefore,

IT IS HEREBY ORDERED that the September 14, 2011 Judgment of the Family Court of the Third Circuit is affirmed.

DATED:   Honolulu, Hawai'i, September 26, 2012.

On the briefs:

Trisha Y. Nakamura
Deputy Public Defender
for Defendant-Appellant.

Linda L. Walton
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge